UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>DRO 15R LLC,<br><br>   Debtor. | Case No. 22-12017-LMI<br><br>Chapter 11 |

**EMERGENCY MOTION FOR RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

**EMERGENCY HEARING REQUESTED**

Ramon Abadin, as the Circuit Court-appointed conservator (the "Conservator") over the real property located at 1560 and 1568 Drexel Avenue, Miami Beach (the "Property"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), section 362(f) of the Bankruptcy Code, and Local Rules 4001-1 and 9075-1, requests an emergency hearing on this motion for an order granting relief from the automatic stay imposed by Bankruptcy Code section 362(a), to the extent the Property constitutes property of the Bankruptcy Estate, in order to allow the Conservator to fulfill his duties with respect to the Property pursuant to his appointing order, and in support states:

**SUMMARY**

The commencement of this Chapter 11 bankruptcy proceeding, immediately following Judge Robert Mark's dismissal of a Chapter 11 proceeding commenced ten (10) days earlier, is the Debtor's latest attempt to obstruct, delay and interfere with the Eleventh Judicial Circuit Court's possession and conservatorship of certain Property pending a dispute over the ownership of that Property, and the Debtor should not be permitted to misuse the

bankruptcy system to that end. Despite the Circuit Court's preliminary determination that the Debtor has been deemed to not have an ownership interest in the Property, and the appointment of the Conservator over the Property, the Debtor maintains that it owns the Property and thus it may be subject to the automatic stay. Therefore, in an abundance of caution, the Conservator seeks relief from the automatic stay to effectuate his duties under the Circuit Court's Appointment Order and protect the Property and its tenants.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A) and (G). The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

2. Venue is proper under 28 U.S.C. § 1409(a).

## PROCEDUREAL AND FACTUAL BACKGROUND

3. On September 3, 2021, Judge Carlos Guzman entered an order appointing Mr. Abadin as Conservator over 1560 and 1568 Drexel Avenue, Miami Beach, Florida (the "Property") in the case styled *DRO 15R LLC et al., v. AJAR Holdings LLC, et al.*, Case No. 21-014716-CA-01, currently pending in the Eleventh Judicial Circuit in and for Miami-Dade County (the "DRO Case"). *See* Amended Order Appointing Conservator and Denying Motion for Reconsideration (the "Appointment Order"), attached as **Exhibit A**.

4. The DRO Case arises from a dispute over the ownership of the Property between the Debtor, RO 15R, LLC, and Raz Ofer on one hand, and AJAR Holdings LLC on the other hand.

5. Mr. Ofer is the Manager of the Debtor and the non-attorney who prepared the Petition that commenced this bankruptcy proceeding. ECF No. 1. Mr. Ofer is also a party to the

DRO Case.

6. The Circuit Court took possession of the Property during the pendency of the DRO Case, and Mr. Abadin was appointed as a fiduciary to the Circuit Court, having "exclusive power and authority to preserve, protect, and manage the Property." *Id.*[1]

7. The Property consists of two adjacent buildings, one under construction (1560 Drexel Avenue), and one eight-unit apartment building with several tenants (1568 Drexel Avenue).

8. Since entry of the Appointment Order, Debtor has repeatedly flouted the Circuit Court's orders, has failed to turn over to the Conservator documents and information related to the Property, has failed to cooperate with the Conservator, and instead has actively interfered with the Property, has failed to appear at court-ordered depositions, and has exponentially increased the fees and costs incurred by the Conservator, and by extension the Property. And, the Debtor (and/or its agents) has collected funds from tenants at the Property in violation of the Circuit Court's orders and accessed the Property without the Conservator's consent. *Id.*

9. Indeed, the Circuit Court has granted several orders to show cause against the Debtor and has twice held the Debtor in contempt of court. *See* orders to show cause attached as **Composite Exhibit B**. Due to the Debtor's gamesmanship in filing an unsuccessful writ

---

[1] The Appointment Order sets out the Conservator's duties and powers, which include the authority to (1) access the Property; (2) collect rents as they come due; (3) ensure that the utilities are uninterrupted; (4) manage, preserve, protect, and maintain the Property in a reasonable, prudent, diligent, and efficient manner, (5) take all actions and have such rights, powers, and privileges as are necessary and incident to the exercise of any specific power. *See* Appointment Order at pp. 3-4 ¶ 3. Further, the Appointment Order requires nonparties to immediately turn over any assets, accounts, books and records related to the Property in their possession or control, or which they had access to, upon the Conservator's request, and to provide their complete cooperation to, and expeditiously respond to inquiries and discovery requests by, the Conservator to comply with the provisions of the Appointment Order. *Id.*

3

of prohibition to the Florida Third District Court of Appeal, and the Bankruptcy Petition, the two orders holding the Debtor in contempt of court have not yet been reduced to writing.

10. On February 16, 2022, during the pendency of his petition for writ of prohibition, Mr. Ofer recorded a purported memorandum of lease in the public records of Miami-Dade County (in violation of several court orders) which was used as pretext to change the locks to 1560 Drexel Avenue and exclude the Conservator from the property. *See* **Exhibit C**. When the Conservator changed the locks to that property, the next day, the locks were again changed, and an armed guard was placed in front of the Property in order to again exclude the Conservator from the Property. *See* photos and emails attached as **Composite Exhibit D**.

11. And, tenants at 1568 Drexel testified before the Circuit Court that they did not feel safe at the Property.

12. On March 3, 2022, based upon the conduct of the Debtor, RO 15R, LLC, and Mr. Ofer, the Circuit Court entered a writ of assistance ordering all the sheriffs of the state to aid the Conservator in regaining peaceful possession of the Property, and if necessary to remove from the Property and/or take into custody any person(s) deemed to be interfering with the Property, including but not limited to the Debtor. *See* Writ of Assistance, attached as **Exhibit E**.

13. Based upon the foregoing, on March 3, 2022, the Circuit Court ordered the Debtor, RO 15R LLC, and Mr. Ofer to appear before the Circuit Court to show cause why they should not be held in indirect criminal contempt of court and/or direct criminal contempt.

14. Further, the Circuit Court authorized the issuance of a Conservator's Certificate secured by the Property to provide funds for operation and maintenance of the Property, provision of utilities and services to the tenants, and payment of the Conservator's fees and costs. *See* **Exhibit F**.

15. On March 4, 2002, the Debtor filed the first bankruptcy petition and filed a Suggestion of Bankruptcy in the DRO Case, presumably to prevent the Conservator from regaining possession of the Property. *See In re: DRO 15R LLC*, Case No. 22-11755-RAM (Bankr. S.D. Fla. 2022) (the "First Bankruptcy Case"); *see also* emails from Mr. Ofer to Judge Guzman attached as **Composite Exhibit G**. As a result of the automatic stay, the Circuit Court has not entered an order once again granting possession to the Conservator.

16. On March 8, 2022, the Conservator filed an emergency motion for relief from the automatic stay in the First Bankruptcy Case and requested an emergency hearing. A hearing was set for March 17, 2022.

17. On March 14, 2022, the First Bankruptcy Case was dismissed after the Debtor had failed to comply with several filing requirements.

18. Later that same day, the Debtor filed a new petition commencing this bankruptcy proceeding and then filed a second Suggestion of Bankruptcy in the DRO Case. Therefore, to the extent the Property is deemed an asset of the Bankruptcy Estate, the automatic stay prevents the Conservator from fulfilling his duties with respect to the Property under the Appointment Order and form otherwise protecting it and its tenants.

## RELIEF REQUESTED

19. Accordingly, the Conservator seeks an order for relief from the automatic stay so he may carry out his duties under the Appointment Order and protect the Property and its

tenants. In particular, the Conservator seeks stay relief to collect rents as they come due, ensure that the utilities are uninterrupted, and manage, preserve, protect, and maintain the Property in a reasonable, prudent, diligent, and efficient manner, as required under the Appointment Order. *See* **Exhibit A** at pp. 3-4 ¶ 3.

20. Further, the Conservator seeks authority to (i) utilize the Sheriff to have the Debtor and its representatives, including Mr. Ofer, relinquish control and possession of the Property, and (ii) continue to utilize the funds borrowed pursuant to the Conservator's Certificate for maintenance and operation of the Property, and for all purposes provided for by any order of the Circuit Court.

21. Absent the requested stay relief, the Conservator believes that the Debtor will continue to flout the Circuit Court's orders and hinder the Conservator's protection of the Property and its tenants.[2] Indeed, despite all three orders to show cause, the Appointment Order, and the Writ of Assistance, Debtor has exhibited utter disregard for the Circuit Court's authority and jurisdiction and the preservation of the Property. In fact, the actions of Mr. Ofer have threatened the Property and its tenants, and the automatic stay, if left unmodified, may enable him to continue to do so during the pendency of this bankruptcy case.

## LEGAL BASIS FOR RELIEF

22. Section 362(d) of the Bankruptcy Code provides, in relevant part, that:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)    for cause, including the lack of adequate protection of an

---

[2] The Circuit Court received sworn testimony from several tenants of the Property who expressed concern regarding their safety and the mistreatment by Debtor and its representative Mr. Ofer. *See* Appointment Order.

     interest in property of such party in interest;

 (2) with respect to a stay of an act against property under subsection (a) of this section, if—

   (A) the debtor does not have an equity in such property; and
   (B) such property is not necessary for an effective reorganization….

23. A bankruptcy court must grant relief from an automatic stay for cause upon request of a party in interest. *Ware v. Deutsche Bank (In re Ware)*, 562 F. App'x 850, 852 (11th Cir. 2014). The bankruptcy court must also grant such relief where (1) the debtor has no equity in the property, and (2) the property is not necessary to an effective reorganization. *Id.*; *see also In re Quinteros*, No. 19-00195 (Chapter 13), 2019 Bankr. LEXIS 3495, at *20 (Bankr. D.D.C. Nov. 8, 2019) (the automatic stay will be lifted where a debtor has no equity in the property).

24. And, "[i]f bankruptcy serves no legitimate purpose in retaining the debtor's possession, then the property owner should be granted relief from the stay to exercise its non-bankruptcy law rights to recover possession from the debtor." *See In re Dunlop*, 378 B.R. 85, 92 (Bankr. E.D. Pa. 2007). "In such circumstances, *i.e.*, where a pre-bankruptcy sale has already occurred, courts have routinely held that relief from the bankruptcy stay generally is appropriate so the buyer may eject the debtor." *See id* at 92 (citations omitted).

25. For property to be "necessary to an effective reorganization," within the meaning of 11 U.S.C.S. § 362(d)(2)(B), the debtor must show that an effective reorganization is realistically possible. *In re Bellina's Rests. II, Inc.*, 52 B.R. 509, 510 (Bankr. S.D. Fla. 1985) (granting relief from automatic stay and finding that the debtor must show the existence of a reasonable possibility of a successful reorganization).

26. Here, cause exists for stay relief because, based on a prior determination of a state court, the Debtor does not own the Property and, as explained above, the Circuit Court

7

has taken possession of the Property during the pendency of the DRO Case, which will determine, among other things, the legal owner of the Property. In fact, Debtor's improper possession of the Property is a reason for the appointment of the Conservator. *See* Appointment Order at ¶3:

> Indeed, the [c]ourt takes judicial notice of the fact that there is a dispute concerning the ownership of the Property. In *1560-1568 DREXEL AVE LLC v. Dalton*, Case No. 2021-005079-CC-21 it was determined that AJAR Holdings LLC is the owner of the Property. *See* June 22, 2021 Order on Defendant's Motion to Dismiss for Lack of Standing. The [c]ourt finds that, based on such orders, [Debtor] appears to be improperly in possession of the Property subject to this Order.

(emphasis in original).

27. Based on the Circuit Court's determinations regarding the misconduct of the Debtor and its representative with respect to the Property, the Debtor is not providing adequate protection of the interests in the Property of the Circuit Court, the Conservator, the tenants, and the party ultimately determined to be its owner. Indeed, as explained above, the Property is under threat of damage, misuse and waste, as the Debtor and Mr. Ofer have failed to maintain utilities at the Property for the tenants, harassed tenants, prohibited the Conservator from accessing the Property, failed to cooperate with the Conservator's requests for information regarding the operation of the Property and the construction project at the Property, and rented out units and collected rent from tenants in violation of several Circuit Court orders.

28. Based on the foregoing determinations of the Circuit Court, the Debtor has no current or apparent ownership rights, title, interest in, or rightful possession of, the Property. Indeed, pursuant to the Appointment Order, interest in the Property lies solely with the Circuit Court through the Conservator, superior to any other person or entity. *See* Appointment Order.

29.     As such, at this time, the Debtor does not have an equity in the Property and the Property cannot be used and is not necessary for an effective reorganization of the Debtor.

30.     Accordingly, pursuant to the legal authority set forth above, the Conservator respectfully requests that this Court enter an order, substantially in the form attached hereto, granting stay relief to authorize the Conservator to continue carrying out his duties to preserve and operate the Property under the Appointment Order until such time as the DRO Case is resolved or the Conservator is discharged, and to permit the enforcement of the Circuit Court's Writ of Assistance.

31.     The Conservator is not seeking to impair any ownership interest that the Debtor may ultimately be determined to have in the Property or to have this Court determine such interest at this time.  Rather, the Conservator is only seeking to modify the stay to permit him to perform the tasks necessary to preserve the Property for the benefit of its tenants and the ultimate owner until such time as a final determination is made regarding ownership and/or the Conservator has been discharged by the Circuit Court.

## NO PRIOR REQUEST IN THIS CASE

32.     The Conservator filed a motion for the relief requested herein in the Debtor's First Bankruptcy Case, but that case was dismissed before the Court ruled on that motion.  This is the Conservator's first request for the relief sought herein in this bankruptcy case.

## NOTICE

33.     Notice of this motion has been given to: (1) the Debtor; (2) counsel for the Debtor; and (3) Office of the United States Trustee.

## REQUEST FOR WAIVER OF TEN-DAY STAY PERIOD

34.     The Conservator requests that the ten (10) day stay period imposed by Federal

9

Rule of Bankruptcy Procedure 4001(a)(3) with respect to the lifting of the automatic stay be waived, because the safety of the tenants at the Property, the carrying costs and other damages associated with the delay in the Conservator's regaining control of the Property, continue to accrue on a daily basis. Further, as explained above, the Property is under threat of damage, misuse and waste.

## STATEMENT OF EXIGENCY

35. The Conservator **requests an emergency hearing** on or before March 18, 2022 on this motion for relief from the automatic stay, pursuant to section 362(f) of the Bankruptcy Code and Local Rule 9075-1, because while the Conservator is delayed from resuming his duties under the Appointment Order, the Property and the tenants suffer direct, immediate and substantial harm if the Conservator cannot access the Property to preserve and protect it and provide services to the tenants.

36. Indeed, since the filing of the Petition, tenants have notified the Conservator of issues at the Property which need immediate attention (including maintenance and tenant safety issues) and which, but for the automatic stay, the Conservator would be working to address forthwith. Further, on March 15, 2022, the Conservator was contacted by the police because a tenant was being harassed by an associate of the Debtor who was demanding rent payments for a unit apparently rented in violation of the Circuit Court's orders. The Conservator informed the police that, due to the automatic stay, he was unable to address the tenant's concerns.

37. Based on the foregoing, as long as the Property is subject to the automatic stay it is subject to the threat of damage, misuse and waste. The Conservator has made several attempts in the DRO Case to obtain the relief sought in this motion – including regaining

control of the Property – but the Debtor has resisted and frustrated such efforts.

WHEREFORE, for the foregoing reasons, the Conservator respectfully requests that this Court (i) enter an Order substantially in the form attached hereto granting stay relief to permit the Conservator to carry out his duties and responsibilities under the Appointment Order, utilize the Sheriff to have the Debtor and its representatives, including Mr. Ofer, relinquish control and possession of the Property so that the Conservator may protect the Property and its tenants as requested herein, and continue to utilize the funds borrowed pursuant to the Conservator's Certificate for maintenance and operation of the Property, and for all purposes provided for by any order of the Circuit Court, and (ii) grant the Conservator such other and further relief as the Court deems just and proper.

Date:   March 16, 2022.

### CERTIFICATION PURSUANT TO LOCAL RULE 9011-4(B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully submitted,

DAMIAN & VALORI LLP
*Counsel for Ramon Abadin, as Conservator*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965
Email:  kmurena@dvllp.com

By: */s/Kenneth Dante Murena*
     Kenneth Dante Murena, Esq.
     Florida Bar No. 147486

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail, email, and/or CM/ECF on the parties and counsel listed below and all other parties and counsel registered to receive notice through CM/ECF, this 16th day of March, 2022.

                        */s/Kenneth Dante Murena*
                        Kenneth Dante Murena, Esq.

## SERVICE LIST

Mark S. Roher, Esq.
Law Office of Mark S. Roher, P.A.
Counsel for the Debtor
1806 N. Flamingo Road, Suite 300
Pembroke Pines, FL 33028


Office of the U.S. Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130