

ORDERED in the Southern District of Florida on May 23, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 22-14038-RAM |
| 942 PENN RR, LLC, | Chapter 11 |
|     Debtor. | |
| _____/ | |
| In re: | Case No. 22-12017-RAM |
| DRO 15R LLC, | Chapter 11 |
|     Debtor. | |
| _____/ | |
| DRO 15R LLC, | |
|     Plaintiff, | |
| v. | Adv. Proc. No. 22-01130-RAM |
| AJAR HOLDINGS, LLC, *et al.*, | |
|     Defendants. | |
| _____/ | |

## ORDER DENYING MOTIONS TO RECUSE

1

The Court has reviewed Plaintiff's Motion for Recusal or Disqualification [DE# 1663 in Case No. 22-14038 (the "Penn Case")] and Plaintiff's Motion for Recusal or Disqualification [DE# 236 in Case No. 22-12017 (the "DRO Case") and DE# 424 in Adv. Proc. No. 22-01130 (the "DRO Adversary")] (collectively, the "Motions for Recusal") filed by Raz Ofer.

In the Motions for Recusal, Mr. Ofer seeks recusal under 28 U.S.C. § 144 or, alternatively, under 28 U.S.C. § 455.  Section 144 of Title 28 of the U.S. Code provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"By its express terms, § 144 applies only to proceedings 'in a district court' and is inapplicable to proceedings before a bankruptcy judge." *In re Damerau*, 525 B.R. 799, 802 (Bankr. S.D. Fla. 2015) (quoting 28 U.S.C. § 144 and citing cases in support from the Court of Appeals for the Second, Sixth, and Ninth Circuits).

Rule 5004(a) of the Federal Rules of Bankruptcy Procedure expressly provides that the recusal of a bankruptcy judge is governed by 28 U.S.C. § 455, and by negative implication, not by § 144.  Section 455 of Title 28 of the U.S. Code provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

Under section 455(a), disqualification is warranted when a reasonable person would question a judge's impartiality. Allegations of partiality must be supported by a factual basis; innuendos must be ignored. *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981); *United States v. Corr*, 434 F.Supp. 408, 412-13 (S.D.N.Y 1977). Thus, section 455(a) does not "amount to a grant of automatic veto power" for a party wanting a judge who better meets with their approval. *United States v. Baker*, 441 F.Supp. 612, 618 (W.D. Tenn. 1977).

Under section 455(b)(1), "[t]he test for a judge's impartiality . . . is whether a reasonable person would conclude, on the basis of the facts alleged, that a judge is biased or prejudiced against a particular litigant." *Willner v. Budig*, 1987 U.S. Dist. LEXIS 12171, *4 (Dist. Kansas Dec. 17, 1987) (citing *United States v. Conforte*, 624 F.2d 869, 880 (9th Cir. 1980), *cert. denied*, 449 U.S. 1012 (1980)). Accordingly, the standard for finding actual bias is objective, and "it is with reference to the 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical and suspicious person' that the objective standard is currently established." *Andrade v. Chojnacki*, 338 F.3d 448, 458 (5th Cir. 2003) (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

In explaining recusal under both 28 U.S.C. §§ 144 and 455, the Eleventh Circuit has stated:

> Disqualification is only required when the alleged bias is personal in nature, that is, stemming from an extra-judicial source. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). This Court has held that 'a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.' *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).

*In re Crook*, 2025 U.S. App. LEXIS 7799, *3 (11th Cir. April 2, 2025).

The Motions for Recusal do not provide grounds for recusal under either statute. As cause for recusal, Mr. Ofer asserts that I am biased or prejudiced against him or otherwise not impartial because "[i]t's clear that this Court is actively cooperating with the defendants in a criminal conspiracy to steal Ofer's $50M properties plus $70M in damages, a total of $120M." This allegation is delusional, malicious, and false. And no reasonable person would believe it.

Second, Mr. Ofer argues that I should not have accepted the assignment of the Penn Case, the DRO Case, or the DRO Adversary because of my "35-year relationship with Judge Isicoff which spans more than just a working relationship." I acknowledge that I have known Judge Isicoff for approximately 35 years, that she practiced in my court before being appointed to the bench, and that she and I are colleagues and friends. But these facts do not establish personal bias against Mr. Ofer or suggest that an objective observer would question my impartiality. Were it otherwise, a judge on a multi-judge court could never accept assignment of a case when a colleague on the court recused himself or herself from a case. *See Willner*, 1987 U.S. Dist. LEXIS 12171, *6 ("Moreover, common sense advises against plaintiff's position. Accepting plaintiff's position would mean that when one judge in a federal district had to disqualify himself, all other judges in the district would also have to recuse themselves. In a multi-judge district . . ., this would virtually deny litigants' access to a convenient forum.").

The Motions for Recusal were triggered by this Court's May 14, 2025 Order on Pending Motions in the Penn Case, the DRO Case, and the DRO Adversary [DE# 1659 in the Penn case, DE# 234 in the DRO Case, and DE# 422 in the DRO Adversary]. However, "[t]he mere fact that a judge has ruled adversely to the moving party in the past . . . does

4

not mandate a finding of partiality." *Willner*, 1987 U.S. Dist. LEXIS 12171, at *4; *In re Crook*, 2025 U.S. App. LEXIS 7799, *3 (citing *Liteky*, 510 U.S. at 555).

For these reasons, the Court **ORDERS** that the Motions for Recusal are denied.

###

Copies to:

Barry Mukamal, Plan Administrator (Penn Case)
Scott Brown, Esq. (Penn Case)
Roniel Rodriguez, Esq. (Penn Case)
David Rosendorf, Esq. (DRO Case)
Office of the U.S. Trustee

*Clerk to Serve:*

Raziel Ofer, *pro se*
3701 DeGarmo Lane
Coconut Grove, FL 33133-6448

Raziel Ofer, *pro se*
942 Pennsylvania Ave
Miami Beach, FL 33139-5416

Raziel Ofer, *pro se*
851 NE 1st Ave.
Miami, FL 33132-1817

*The Clerk of Court shall serve a conformed copy of this Order upon all parties in interest in the Penn Case, the DRO Case, and the DRO Adversary.*