

ORDERED in the Southern District of Florida on June 4, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 22-14038-RAM |
| 942 PENN RR, LLC, | Chapter 11 |
|     Debtor. | |
| _____/ | |
| In re: | Case No. 22-12017-RAM |
| DRO 15R LLC, | Chapter 11 |
|     Debtor. | |
| _____/ | |
| DRO 15R LLC, | |
|     Plaintiff, | |
| v. | Adv. Proc. No. 22-01130-RAM |
| AJAR HOLDINGS, LLC, *et al.*, | |
|     Defendants. | |
| _____/ | |

**ORDER DENYING MOTIONS FOR RECONSIDERATION
AND MOTIONS TO SEAL AND ENJOINING CERTAIN FUTURE FILINGS**

1

The Court has reviewed the following motions and declaration filed by Raz Ofer:

1. Ofer's Motion for Reconsideration for Recusal or Disqualification [DE# 1667 in Case No. 22-14038-RAM (the "Penn Case"); DE# 239 in Case No. 22-12017-RAM (the "DRO Case"); and DE# 428 in Adv. Proc. No. 22-01130-RAM (the "DRO Adversary")] (the "Motion to Reconsider Order Denying Recusal");

2. Ofer's Motion to Seal, in Part, his Motion for Reconsideration of Court's May 14, 2025 Order on Pending Motions in the Penn Case, the DRO Case, and the DRO Adversary, or Alternatively Motion for in Camera Review [DE# 1668 in the Penn Case, DE# 240 in the DRO Case, and DE# 429 in the DRO Adversary] (the "Motion to Seal");

3. Ofer's Motion for Reconsideration of Court's May 14, 2025 Order on Pending Motions in the Penn Case, the DRO Case, and the DRO Adversary [DE# 1669 in the Penn Case, DE# 241 in the DRO Case, and DE# 430 in the DRO Adversary] (the "Motion to Reconsider Order Denying Vacatur"); and

4. Declaration of Raz Ofer in Support of Reconsideration [DE# 1671 in the Penn Case].

Together, the Motion to Reconsider Order Denying Recusal and the Motion to Reconsider Order Denying Vacatur are referred to as the "Motions to Reconsider."

## BRIEF BACKGROUND

The Motions to Reconsider are the latest onslaught by Mr. Ofer since Judge Isicoff's *sua sponte* decision to recuse herself in the Penn Case in March 2025. Following her recusal, Mr. Ofer asked the Court to "nullify" everything that's happened in the Penn Case, the DRO Case, and the DRO Adversary because he claims that neither of the chapter 11 filings were authorized and that Judge Isicoff was biased.

On May 14, 2025, after a full review of the records in the Penn Case, the DRO Case, and the DRO Adversary, the Court entered its Order on Pending Motions in the Penn Case, the DRO Case, and the DRO Adversary [DE# 1659 in the Penn Case, DE# 234 in the DRO Case, and DE# 422 in the DRO Adversary] (the "Order Denying Vacatur"). In the Order Denying Vacatur, the Court (i) denied as futile Mr. Ofer's request to reopen the DRO Case

2

and the DRO Adversary; (ii) rejected Mr. Ofer's argument that the filing of the two chapter 11 cases were not authorized because of a lack of corporate authority; and (iii) rejected Mr. Ofer's argument that Judge Isicoff's recusal and her conduct while administering these cases and proceedings supported vacating certain orders and nullifying the entirety of these cases and proceeding.

Unsurprisingly, Mr. Ofer then filed Plaintiff's Motion for Recusal or Disqualification [DE# 1663 in the Penn Case] and Plaintiff's Motion for Recusal or Disqualification [DE# 236 in the DRO Case and DE# 424 in the DRO Adversary] (collectively, the "Motions to Recuse"). In the Motions to Recuse, Mr. Ofer sought my recusal under 28 U.S.C. § 144 or, alternatively, under 28 U.S.C. § 455, alleging, among other things, that I am biased or prejudiced against him or otherwise not impartial because "[i]t's clear that this Court is actively cooperating with the defendants in a criminal conspiracy to steal Ofer's $50M properties plus $70M in damages, a total of $120M."

On May 23, 2025, the Court entered its Order Denying Motions to Recuse [DE# 1664 in the Penn Case, DE# 237 in the DRO Case, and DE# 425 in the DRO Adversary] (the "Order Denying Recusal"). In the Order Denying Recusal, the Court ruled that Mr. Ofer's above-quoted allegation "is delusional, malicious, and false [and] no reasonable person would believe it." Order Denying Recusal at p. 4. The Court further ruled that the presiding judge's professional and personal relationship with Judge Isicoff did "not establish personal bias against Mr. Ofer or suggest that an objective observer would question my impartiality." *Id*. Finally, because the Motions to Recuse were filed in response to the Order Denying Vacatur, the Court ruled that "the mere fact that a judge has ruled adversely to the moving party in the past . . . does not mandate a finding of partiality." *Id*. (citation and internal quotations omitted).

3

Now, in the pending Motions to Reconsider, Mr. Ofer seeks reconsideration of the Order Denying Vacatur and the Oder Denying Recusal. Mr. Ofer's latest motions are a continuation of his seemingly endless effort to undue what's happened in these two cases.

## DISCUSSION

### *The Motions Lack Merit and Will Be Denied*

A motion for reconsideration should raise new issues by "demonstrat[ing] why the Court should reconsider its prior decisions, and set[ting] forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Martinez v. Law Offices of David J. Stern, P.A. (In re Martinez)*, 266 B.R. 523, 538 (Bankr. S.D. Fla. 2001) (quoting *Gelles v. Skrotsky*, 15 F. Supp. 2d 1293, 1294 (M.D. Fla. 1998)). To justify reconsideration of an order, the Court must find that one or more of the following three grounds apply: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice." *Id.* at 538 (quoting *SEC v. Seahawk Deep Ocean Tech.*, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999)).

The Motions to Reconsider do not meet the foregoing standard. Instead, the Motions to Reconsider contain virtually the same allegations and arguments that the Court rejected and denied in the Order Denying Vacatur and the Order Denying Recusal. As such, there is no cause to reconsider the Order Denying Vacatur or the Order Denying Recusal under either Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023, or Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024. Accordingly, the Motions to Reconsider will be denied.

The Court is also denying the Motion to Seal, because the subject matter of the documents that Mr. Ofer seeks to seal are not relevant to the Court's consideration of the Motions to Reconsider. Specifically, the terms of the confidential settlement between Mr.

Ofer and attorney Mark Roher cannot change the conclusion reached by Judge Isicoff and by this Court that the filing of these chapter 11 cases was authorized by Mr. Ofer and ratified by Robert Mendez.

<u><i>Injunctive Relief is Necessary to Stop Mr. Ofer's Vexatious Litigation</i></u>

Mr. Ofer's attempts to argue lack of corporate authorization and recusal must end in this Court. When, as here, a litigant continues, repeatedly, to advance groundless and patently frivolous arguments, courts can and should take steps to end the abuse and end the onslaught of repetitive, meritless filings.

A bankruptcy court may use its inherent authority to sanction parties for conduct that abuses the judicial system. *Law v. Siegel*, 571 U.S. 415, 421 (2014) (citation omitted); *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.)*, 570 F.3d 1257, 1263 (11th Cir. 2009) (citing *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008)). "To impose sanctions under the court's inherent power, the court must find bad faith." *Evergreen*, 570 F.3d at 1273 (citing *Walker*, 532 F.3d at 1309). A finding of bad faith is warranted where, as here, a party continually advances groundless and patently frivolous claims and arguments. *In re United States Corp. Co.*, Case No. 20-40375-KKS, 2021 U.S. Dist. LEXIS 745, at *5-6, 2021 WL 1100078 (Bankr. N.D. Fla. Jan. 22, 2021).[1]

Mr. Ofer's actions are tantamount to bad faith justifying sanctions. As stated herein and discussed in more detail in the Order Denying Vacatur, Mr. Ofer knowingly or recklessly raises groundless and patently frivolous arguments and claims for the purpose of harassment.

Moreover, a bankruptcy court's inherent authority to sanction includes pre-filing

---

[1] In addition to its inherent authority, a bankruptcy court may also invoke its statutory power under 11 U.S.C. § 105(a) to redress bad faith and unreasonable, vexatious litigation. *In re United States Corp. Co.*, 2021 U.S. Dist. LEXIS 745, at *5-6.

restrictions such as enjoining future filings without leave of court. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993); *In re Soler*, 640 B.R. 774, 777 (Bankr. S.D. Fla. 2022). Courts may issue injunctive relief *sua sponte* and have done so where, as here, a party repeatedly files meritless claims. *See, e.g., Bafford v. Township Apartments Assoc., Ltd.*, 2008 U.S. Dist. LEXIS 33034, 2008 WL 1817333 (M.D. Fla. Apr. 22, 2008) (*sua sponte* dismissing a complaint with prejudice and ordering the plaintiff who sought to relitigate matters previously adjudicated on the merits to show cause why he should not be enjoined from filing any future lawsuit without leave of court); *Suntrust Bank v. Gaeta*, 2008 U.S. Dist. LEXIS 36780, 2010 WL 1049800 (M.D. Fla. Mar. 22, 2010) (*sua sponte* issuing a *Martin-Trigona* injunction against a party who caused unnecessary delay and interference in multiple state court actions through meritless removal of the actions to federal court).

The clear authority to enjoin the filing of lawsuits also provides authority to enjoin repetitive and inappropriate filings within cases. Based on the record in these cases and in the DRO Adversary, prohibiting Mr. Ofer from filing further motions on issues already resolved in multiple orders is necessary and appropriate.

## **CONCLUSION**

For these reasons, the Court **ORDERS** as follows:

1. The Motion to Reconsider Order Denying Recusal [DE# 1667 in Penn Case, DE# 239 in the DRO Case, and DE# 428 in the DRO Adversary] is denied.

2. The Motion to Seal [DE# 1668 in the Penn Case; DE# 240 in the DRO Case; and DE# 429 in the DRO Adversary] is denied.

3. The Motion to Reconsider Order Denying Vacatur [DE# 1669 in the Penn Case; DE# 241 in the DRO Case; and DE# 430 in the DRO Adversary] is denied.

4.     Mr. Ofer is prohibited from filing any further papers in the Penn Case, the DRO Case, and the DRO Adversary that (i) raise the lack of corporate authorization issue; (ii) raise the recusal issue (either of Judge Isicoff or the presiding judge), or (iii) seek reconsideration of, or to vacate, now-final and non-appealable orders and judgments entered in the Penn Case, the DRO Case, or the DRO Adversary.  This prohibition does not apply to a proper and timely notice of appeal and a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Fed. R. Bankr. P. 8009(a)(1)(A).[2]

5.     Any papers that Mr. Ofer submits to the Bankruptcy Court for filing in the Penn Case, the DRO Case, or the DRO Adversary in violation of paragraph 4 of this Order will be returned to Mr. Ofer and not be entered on the docket or responded to by the Court.

###

Copies to:

Barry Mukamal, Plan Administrator (Penn Case)
Scott Brown, Esq. (Penn Case)
Roniel Rodriguez, Esq. (Penn Case)
David Rosendorf, Esq. (DRO Case)
Office of the U.S. Trustee

*Clerk to Serve:*

Raziel Ofer, *pro se*
3701 DeGarmo Lane
Coconut Grove, FL 33133-6448

Raziel Ofer, *pro se*
942 Pennsylvania Ave
Miami Beach, FL 33139-5416

Raziel Ofer, *pro se*
851 NE 1st Ave.
Miami, FL 33132-1817

---

[2] The injunction does include the filing of motions for stay pending appeal.  This Court will not enter a stay.  If Mr. Ofer seeks a stay pending appeal pursuant to Fed. R. Bankr. P. 8007, he may seek a stay in the district court without first seeking a stay in this Court because seeking a stay in this Court "would be impracticable" under Fed. R. Bankr. P. 8007(b)(2).